# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

Teresa Santoyo,
Individually and on behalf of others similarly situated,

      Plaintiffs,

v.

Komen USA Inc. Building Maintenance & Consulting,
a Colorado corporation,

Jason Choi,
Individually,

and

Bruce Choi,
Individually,

      Defendants.

## COMPLAINT

COMES NOW the Plaintiffs, Teresa Santoyo, by and through counsel, CORNISH & DELL'OLIO, P.C., and for her Complaint against the Defendants, state as follows:

### Introduction

1. This is an action for wages brought pursuant to the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*) to recover unpaid overtime wages resulting from the misclassification of Plaintiff as an independent contractor.

2. Plaintiffs will move the Court for leave to send notice to the class and to pursue the action under authority of 29 U.S.C. § 216(b) as a collective action.

## Parties

3. The Plaintiff, Teresa Santoyo, is a natural person residing in El Paso County, Colorado.

4. Jason Choi is an individual person residing in El Paso County, Colorado.

5. Bruce Choi is an individual person residing in El Paso County, Colorado.

6. At all times relevant to the Complaint, Plaintiff worked for Defendants, Jason and Brue Choi, and their corporation, Komen USA Inc. Building Maintenance & Consulting ("Komen"), as a Custodian.

7. Komen is a Colorado corporation incorporated by Mr. Jason Choi.

8. Komen provides custodial and cleaning services to third party clients.

9. In particular, Komen provides cleaning services to El Paso County, including the El Paso County Judicial Building, Centennial Hall, the Citizens Service Center, and other El Paso County properties.

10. Plaintiff worked the Chois and Komen for approximately nine years until the involuntary termination on November 8, 2017.

11. At all times relevant to the Complaint Komen was an enterprise engaged in commerce within the meaning of the federal Fair Labor Standards Act (29 U.S.C. § 203 (s)(1)).

12. At all times relevant to the Complaint Komen had gross sales of more than $500,000.00 per year.

13. Komen suffered and permitted Plaintiff to perform cleaning services at all times relevant

to this Complaint.

14. Mr. Jason Choi owned Komen at all times relevant to this Complaint.

15. Mr. Jason Choi was the registered agent of Komen at all times relevant to this Complaint.

16. Mr. Bruce Choi is the father of Jason Choi and former owner of Komen.

17. Mr. Bruce Choi worked for Komen as a Manager at all times relevant to this Complaint.

18. The Chois were corporate officers of Komen at all times relevant to this Complaint.

19. The Chois acted in the interest of Komen by making operational decisions for the business.

20. The Chois had operational control of Komen at all times relevant to this Complaint.

21. The Chois were consistently involved in the day to day management of Komen, including supervising workers, scheduling workers, and keeping business records and payroll.

22. The Chois classified Plaintiff and other similarly situated workers as independent contractors.

23. Mr. Jason Choi signed paychecks, including Plaintiff's paychecks.

24. The Chois are employers within the meaning of 29 U.S.C. § 203(d).

## Venue

25. All acts giving rise to the cause of action occurred in the State of Colorado.

## Employee Status

26. Defendants classified Plaintiff as an independent contractor.

27. At all times relevant to the Complaint, Plaintiff was an employee within the meaning of the FLSA.

28. Plaintiff performed custodial work for the Defendants.

29. Plaintiff performed custodial work in expectation of payment and compensation from the Defendants.

30. Plaintiff did not volunteer her services to the Defendants.

31. The Defendants suffered and permitted Plaintiff to perform custodial services.

32. Plaintiff worked exclusively for the Defendants.

33. Plaintiff worked continuously for the Defendants for a period of approximately nine years.

34. Plaintiff's work for the Defendants was open ended and did not have an agreed upon end date.

35. Plaintiff was economically dependent upon the Defendants as the sole source of her income.

36. Plaintiff did not establish her own cleaning business.

37. The Defendants paid Plaintiff directly in her individual capacity.

38. The Defendants did not pay a corporate entity for Plaintiff's services.

39. Plaintiff did not enter into an independent contractor agreement with the Defendants.

40. Plaintiff did not make capital investments into the cleaning services she provided to the Defendants.

41. The Defendants provided cleaning supplies and materials to Plaintiff.

42. Plaintiff's work as a custodian did not require specialized skills.

43. Plaintiff's work as a custodian did not require specialized training.

44. Plaintiff's work as a custodian was integral to the operation of the business.

45. The Defendants provided cleaning services on a contract basis.

46. Plaintiff performed those cleaning services on behalf of the Defendants.

47. Plaintiff did not have an opportunity for profit or loss on the cleaning services she provided.

48. The Defendants paid Plaintiff by the hour.

49. The Defendants controlled Plaintiff's work.

50. The Defendants established Plaintiff's schedule and work locations.

51. The Defendants instructed Plaintiff on the work she was required to perform.

52. The Defendants established deadlines for Plaintiff's work.

53. Plaintiff was an employee of the Defendants under the FLSA's economic realities test.

54. Plaintiff was a non-exempt employee under the FLSA.

### Plaintiff's Hours Worked and Compensation Received

55. Plaintiff worked Monday through Friday each week for the Chois and Komen.

56. On a typical workday Plaintiff worked three shifts: 1) from 7:30 a.m. to 4:30 p.m., 2) from 4:45 p.m. to 8:45 p.m., and 3) from 9:00 p.m. to 10:30 p.m.

57. In total, Plaintiff worked 72.5 hours per week on average.

58. Plaintiff worked this schedule at all times relevant to this Complaint.

59. For her first shift, the Defendants paid Plaintiff an hourly rate of $10.00 per hour.

60. For her second and third shifts, the Defendants paid Plaintiff an hourly rate of $11.00 per hour.

61. The Defendants only paid Plaintiff her hourly rate.

62. The Defendants never paid overtime to Plaintiff for any hours over forty in a given workweek.

### Similarly Situated Individuals

63. Plaintiff seeks to certify a collective class action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

64. Plaintiff seeks to certify a class of similarly situated employees composed of "all persons who provided custodial services for the Defendants after February 8, 2015 and were not paid one-and-one-half times their regular rate for hours worked over forty in a single work week."

65. Plaintiff and those similarly situated were affected by a common compensation policy, plan or decision made by the Chois in their role as Komen's owner and managing corporate officer.

66. Specifically, the Defendants misclassified all persons providing custodial services as independent contractors and did not pay them one-and-one-half times their regular rate for hours worked over forty in a single work week.

67. Plaintiff and those similarly situated as Custodians for the Defendants performed the same job duties.

68. Plaintiff and those similarly situated as Custodians for the Defendants shared the same job title.

69. Plaintiff and those similarly situated as Custodians for the Defendants were subject to the same compensation policies.

70. Plaintiff and those similarly situated as Custodians for the Defendants were improperly classified as independent contractors.

71. Plaintiff and those similarly situated as Custodians for the Defendants were paid on an hourly basis and were not paid one-and-one-half times their regular rate of pay for all hours worked over forty in a single work week.

### First Cause of Action
### (for violations of the federal Fair Labor Standards Act 29 U.S.C. § 207

72. All prior paragraphs are incorporated herein by reference.

73. Plaintiff and others similarly situated were at all times relevant to the Complaint nonexempt employees under the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*).

74. Plaintiff and others similarly situated worked more than 40 hours of work per week.

75. Plaintiff and others similarly situated were typically scheduled to work more than 40 hours per week by Defendants.

76. Jason and Bruce Choi were at all times relevant to the Complaint owners and corporate officers of Komen.

77. Defendants were employers under the federal Fair Labor Standards Act.

78. Defendants required, suffered, and permitted Plaintiff and others similarly situated to work more than 40 hours per week.

79. Defendants knew or should have known that Plaintiff and others similarly situated were working more than 40 hours in a single work week.

80. Plaintiff and others similarly situated were not paid overtime on any hours over 40 that they worked in a week.

81.     Defendants failed to pay Plaintiff and others similarly situated for all hours worked in excess of forty in a single work week at one-and-one-half times their regular hourly rate of pay.

82.     Defendants' failure to pay Plaintiff and others similarly situated one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a single work week was in violation of the federal Fair Labor Standards Act (29 U.S.C. § 207).

83.     Defendants' violations of the federal Fair Labor Standards Act were willful.

### Prayer for Relief

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount which will compensate them and others who may join in the action following notice for all hours worked in excess of forty hours in a single work week at one-and-one-half times their regular hourly rate of pay, for liquidated damages as provided for by 29 U.S.C. 216 (b), and attorney's fees and costs as provided for by 29 U.S.C. 216 (b).

Respectfully submitted this 9th day of February, 2018.

CORNISH & DELL'OLIO, P.C.

s/ Bradley J. Sherman
Bradley J. Sherman, # 39452
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: bsherman@cornishanddellolio.com
Attorneys for Plaintiffs

Plaintiff's address:
5150 Airport Road, Lot B95
Colorado Springs, CO 80916